IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 3:15-00244

SHANE PATRICK MASTERS

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss Indictment (ECF No. 25). For the reasons set forth below, Defendant's Motion is **DENIED**.

### I.     Background

On December 8, 2015, a Grand Jury returned a single count indictment against Defendant Masters, charging Defendant with prohibited possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9) and § 924(a)(2). ECF No. 1. The indictment alleged that Defendant was prohibited from possessing a firearm due to his prior domestic battery conviction sustained on January 20, 2015 in the Wayne County Magistrate Court. ECF No. 1.[1]

Defendant contends that in order for his misdemeanor domestic battery conviction to be considered a predicate "misdemeanor crime of domestic violence" for purposes of 18 U.S.C. § 922(g)(9), the offense must have, as an element, "the use or attempted use of physical force . . . ." 18 U.S.C. § 921(a)(33)(A)(ii). In his Motion, Defendant argues that the second prong of the West Virginia domestic battery statute, W. Va. Code § 61-2-28(a), prohibiting the "unlawful[ ] and

---

[1] The criminal complaint upon which Defendant's domestic battery conviction was premised, however, incorrectly cited statutory language from a previous version of W.Va. Code § 61-2-28(a), as opposed to the current version of the statute which became effective June 12, 2014.

intentional[ ] caus[ing] [of] physical harm," does not have, as an element, the use or attempted use of physical force. Therefore, according to Defendant, the second prong of the West Virginia statute does not meet the definition of "misdemeanor crime of domestic violence" as defined in 18 U.S.C. § 921(a)(33)(A). As such, because the Complaint and other charging documents are unclear as to which prong of the West Virginia statute Defendant was convicted under (due to the fact that the criminal complaint referenced the previous version of the statute), Defendant argues, using the modified categorical approach, that the indictment should be dismissed. On the other hand, the Government contends that both prongs of the West Virginia domestic battery statute satisfy the definition of "misdemeanor crime of domestic violence" contained in 18 U.S.C. § 921(a)(33)(A); thus, the categorical approach is sufficient to determine that Defendant's conviction prohibits him from possessing a firearm pursuant to 18 U.S.C. § 922(g)(9).

## II.    Analysis

Title 18 of the United State Code, Section 922(g)(9), prohibits the possession of any firearm in or affecting interstate commerce by a person who "has been convicted in any court of a misdemeanor crime of domestic violence." Misdemeanor crime of domestic violence is defined in 18 U.S.C. § 921(a)(33)(A) as an offense that "(1) is a misdemeanor under Federal, State, or Tribal law; and (2) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim . . . ." 18 U.S.C. § 921(a)(33)(A).

Section 61-2-28(a) of the West Virginia Code provides that the offense of "domestic battery" is committed when a person (1) "unlawfully and intentionally makes physical contact force capable of causing physical pain or injury to his or her family or household member,"[2] or

---

[2] Both the Defendant and the Government agree that the 2014 revision is not grammatically correct, as it seems that the word "with" should have been placed between "contact" and "force." *See* W. Va. Code §

(2) "unlawfully and intentionally causes physical harm to his or her family or household member." This statute was revised in 2014 to include these two different prongs under which an individual may be convicted. The previous version defined domestic battery as "[a]ny person who unlawfully and intentionally makes physical contact of an insulting or provoking nature with his or her family or household member." Defendant argues that because the criminal complaint filed in his domestic battery case incorrectly cited language from the prior statute, it therefore did not specify which prong of the revised statute Defendant violated. Thus, Defendant contends that because the revised statute is divisible, and because, Defendant argues, the second prong does not require the use or attempted use of force, it cannot qualify as a predicate offense for the purposes of 18 U.S.C. § 922(g)(9). The Court disagrees with Defendant's argument.

To begin, both Defendant and the Government have conceded that the first prong of the revised West Virginia statute requires, as an element, the use of physical force and thus qualifies as a predicate offense. Therefore, the sole issue in Defendant's Motion is whether the second prong of the West Virginia domestic battery statute, which prohibits the intentional causing of "physical harm," necessarily requires the requisite showing of force for the purposes of 18 U.S.C. § 922(g)(9). The Court finds *United States v. Castleman*, 134 S. Ct. 1405 (2014), instructive, and ultimately determinative, in resolving this issue.

In *Castleman*, the Supreme Court considered whether a Tennessee statute defining domestic assault, in part, as "intentionally, knowingly or recklessly caus[ing] bodily injury to another" qualified as a "misdemeanor crime of domestic violence" for § 922(g)(9) purposes. *Id*. at 1408; Tenn. Code Ann. § 39-13-101(a)(1). The Supreme Court held that the requisite degree of

---

61-2-9(c)(defining the offense of "battery," in part, as "unlawfully and intentionally mak[ing] physical contact *with* force capable of causing physical pain or injury to the person of another . . . .")(emphasis added).

-3-

"physical force" required for purposes of 18 U.S.C. § 921(a)(33)(A)(ii) was that which supported a common law battery, i.e. an "offensive touching". *Castleman*, 134 S. Ct. at 1413. Further, the Court in *Castleman* noted that causing "bodily injury," as was required under Tennessee statute, must necessarily result from the application of "physical force." *Id.* at 1414. Specifically, the Court stated

> [P]hysical force is simply force exerted by and through concrete bodies, as opposed to intellectual force or emotional force. And the common-law concept of 'force' encompasses even its indirect application. 'Force' in this sense, describ[es] one of the elements of the common law crime of battery, and the force used in battery need not be applied directly to the body of the victim. . . . It is impossible to cause bodily injury without applying force in the common-law sense.

*Id.* at 1414–15 (internal citations omitted).

Here, the second prong of the West Virginia domestic battery statute is synonymous to the Tennessee statute analyzed in *Castleman*. This is because the term "physical harm," as used in the West Virginia statute, is interchangeable and indistinguishable from the term "bodily injury" used in the Tennessee statute. Therefore, "unlawfully and intentionally caus[ing] physical harm to his or her family or household member"[3] requires the same use of physical force that the Supreme Court held that "intentionally, knowingly or recklessly caus[ing] bodily injury to another"[4] required in *Castleman*. As such, Defendant's argument that one can cause physical harm without force under the second prong of the West Virginia domestic battery statute is unfounded and directly contradicts the holding in *Castleman*.

Thus, because precedent establishes that "[i]t is impossible to cause bodily injury without applying force in the common-law sense,"[5] and "physical harm" is interchangeable with "bodily injury," it is therefore impossible to "intentionally cause[ ] physical harm," under the second prong

---

[3] W. Va. Code § 61-2-28(a).
[4] Tenn. Code Ann. § 39-13-101(a)(1).
[5] *Id.* at 1414–15.

of the West Virginia domestic battery statute, without, at minimum, the application of physical force in the common law sense. As such, both prongs of West Virginia domestic battery statute require the use or attempted use of force; therefore, Defendant's prior conviction under this statute is properly considered a predicate offense for the purposes of 18 U.S.C. § 922(g)(9), even though Defendant's criminal complaint does not identify which prong of the West Virginia domestic battery statute he violated.

As such, Defendant's Motion to Dismiss Indictment (ECF No. 25) is DENIED.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Indictment (ECF No. 25) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: March 2, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE